## SPRINGMEYER L. D. & L. S. CO. *v.* IRRIGATION DISTRICT NO. 1

### No. 2660

December 4, 1926.                    251 P. 351.

1. WATER—STATUTE REPEALED.
    Stats. 1911, c. 134, secs. 60 and 61, providing that land, to be excluded from irrigation district, must be too high, were repealed by Stats. 1919, c. 64, sec. 44, as amended by Stats. 1921, c. 79, sec. 19, and Stats. 1923, c. 171, sec. 15, providing for exclusion if land will not receive benefits, in view of Stats. 1919, c. 64, secs. 68, 69.

2. WATER—STATUTES HELD APPLICABLE.
    Stats. 1919, c. 64, sec. 44, as amended by Stats. 1923, c. 171, sec. 15, relative to exclusion of property from irrigation district, *held* applicable to irrigation district organized, under Stats. 1911, c. 134, without unanimous resolution of board of directors, prescribed by Stats. 1919, c. 171, sec. 68, as amended by Stats. 1923, c. 171, sec. 20, since act of 1919 specifically repeals all inconsistent provisions of act of 1911.

3. WATER—EVIDENCE.
    Evidence *held* sufficient to show that land would not be benefited by proposed system of storage works which irrigation district had under contemplation.

4. WATER—ONE PARTICIPATING IN ESTABLISHING IRRIGATION DISTRICT HELD ENTITLED TO PETITION TO HAVE LAND EXCLUDED.
    One who participated in establishing irrigation district may petition to have land excluded therefrom, where no improvements had been commenced, there was no indebtedness outstanding, the question of benefits had never been determined.

5. APPEAL AND ERROR—CONFLICTING EVIDENCE.
    Finding of trial court on conflicting evidence *held* conclusive on appellate court, in absence of showing that wrong conclusion was reached.

### C. J.–CYC. REFERENCES
APPEAL AND ERROR—4 C. J. sec. 2855, p. 883, n. 33.
WATERS—40 Cyc. 820, n. 11.

APPEAL from First Judicial District Court, Douglas County; *G. A. Ballard,* Judge.

The H. H. Springmeyer Land Development & Live Stock Company filed its petition with the Board of Directors of Irrigation District No. 1, Carson Valley Unit, Truckee-Carson Project, seeking to have its lands excluded from the district. The board of directors denied the petition, and the petitioners filed a proceeding

in the district court to have the order set aside. From a judgment setting aside the order of the board of directors and from an order overruling a motion for a new trial, the irrigation district appeals. **Affirmed.**

*Platt & Sanford,* for Appellant:

District was organized in 1914 under Stats. 1911, 248. Salient features were not changed by acts of 1915 and 1917. Sole ground for withdrawal in 1911 act was that lands were too high to be watered. Many grounds are urged in petition, but not this. Testimony showed lands are not too high, but are watered by direct flow of East Carson River. Provisions of Stats. 1919, 103, expressly make it nonapplicable to present case. Section 44 limits action under it to districts "now or hereafter" formed.

Irrigation acts are intended to encourage development, not to prevent it. Acts of 1911 and 1919 are based on California "Wright Act." Assessments are proportioned to benefits received. Every part of law should be interpreted with reference to its general object. Roney v. Buckland, 4 Nev. 45.

If 1919 act is held applicable, what constitutes benefit is of importance. Lands within district which receive only indirect benefit have been held assessable. O. S. L. Ry. v. Irrigation District, 102 P. 908; Board of Directors v. Tregea, 26 P. 237; Fallbrook Irrigation District v. Bradley, 164 U. S. 112.

Land owner waived right to withdraw if he did not object to being included when opportunity was afforded. Knowles v. District, 101 P. 81.

*Cantwell & Springmeyer,* for Respondent:

District was organized to have United States build reservoirs on headwaters of Carson River. There was no thought of district's building them. Respondent took active part in organization for public spirited motives only, as it always had sufficient water and no crop failures in fifty years. United States never built reservoirs, and in 1923 directors attempted to force upon farmers

reservoirs that could benefit only few, at expense of others, upon sites rejected by government. Respondent thereupon filed its petition to withdraw, as it had perfect right to do.

Stats. 1919, 114, repealed act of 1911 and all acts subsequent thereto. Legislation before 1919 needs no examination. Stats. 1921, 133, expressly amended sec. 44 of Stats. 1919, simple requirement of which is that petition describe boundaries of lands owned by them, and state reason for exclusion, and made it duty of directors to exclude lands not benefited. Stats. 1923, 296, contains requirement for quick action and notice not before required. Districts theretofore organized were made subject to its provisions, so far as applicable. Sec. 68. Exclusion is provided for in section 15.

Acts of 1911, 1919, 1921, and 1923 all provide that when lands are not benefited they may be excluded. Nevada has no decision on the point, but other states have so held. 40 Cyc. 820; Knowles v. Irrigation District, 101 P. 81; In Re Riggs, 210 P. 217; In Re Harper, 216 P. 1020; Harrelson v. Irrigation District, 128 P. 1010.

Appellant offered no direct evidence that district would benefit respondent's land, or that there was ever shortage of water or failure of crops in over fifty years. There was no conflict of evidence. Even if there were, appellate court will not disturb findings based on substantial evidence. Gaston v. Avansino, 39 Nev. 128.

## OPINION

By the Court, DUNN, District Judge:

The appellant, Irrigation District No. 1, Carson Valley Unit, Truckee-Carson Project, is an irrigation district in Carson Valley, Nevada, organized July 13, 1914, under and by virtue of that certain act of the legislature, approved March 20, 1911. Statutes 1911, p. 248.

The respondent, H. H. Springmeyer Land Development & Live Stock Company, is a corporation, organized and existing under and by virtue of the laws of the State

of Nevada, and owns certain lands included within the boundaries of the appellant, irrigation district.

The respondent sought to have its lands excluded from the irrigation district and filed its petition with the board of directors of said irrigation district, alleging, among other things, that said lands cannot be benefited by any system of works in contemplation or otherwise by said district. The board of directors denied the petition, and thereupon the respondent filed a proceeding in the district court of Douglas County, Nevada, to have the order of the board of directors set aside and an order made excluding the lands from the district. The appellant thereafter filed a motion to strike and dismiss the petition upon the following grounds: (1) That the court had no jurisdiction of the matter; (2) that the petition did not state any fact or facts sufficient to comply with the law providing for such a petition nor facts sufficient to constitute a cause of action.

The motion to strike and dismiss was overruled, and an answer to the petition was then filed, and a hearing had, and, upon the matter being submitted, the court entered its judgment setting aside the order of the board of directors of the irrigation district—refusing to exclude the lands of the respondent—and further decreed "the said board hereby is directed to exclude said lands from said district. * * *" Thereafter a motion for a new trial was made and denied, and this appeal is taken from said judgment and from the order overruling the motion for a new trial.

The questions for determination are:

(1) Is the irrigation district governed by the law of 1911, or by the law of 1919, as amended?

(2) If it is governed by the 1919 law, as amended, would respondent's lands be benefited by any proposed improvement the district might make?

The appellant contends: (1) That the district was organized under the law of 1911, and that sections 60 and 61 of said act provide that lands may only be excluded when it appears that said lands are "too high to receive a benefit from the water owned or controlled

by the district," and, since the respondent did not allege this fact in its petition, that it therefore failed to state sufficient facts, and that the court had no jurisdiction; (2) that respondent's water rights are not sufficient, and that the lands of respondent will be benefited by an available additional supply of water, and also by the supervision and distribution of the water by the irrigation district.

The respondent contends: (1) That sections 60 and 61 of the 1911 act were repealed by the act of 1919, as amended, and that section 44 of the act of 1919 applies; (2) that the respondent has a full and complete water right, to wit, its 1858 water right covering some 327 acres and its 1876 water right covering some 223 acres, and that, therefore, its lands cannot be benefited by any proposed system of the irrigation district.

1. Section 60 of the act of 1911 (Statutes 1911, p. 248) provides:

"*Exclusion of Land from District.* The holder or holders of any title to land included within the boundary of an irrigation district may file with the board of directors of said district a petition in writing praying that the boundaries of said district may be so changed as to exclude the said lands described in said petition. The petition shall describe the boundaries of the several parcels owned by the petitioners; if the petitioners be the owners respectively of the district parcels of land, such petition must also state that the lands described in said petition are too high to be watered from water owned and controlled by said irrigation district. Said petition must be acknowledged in the same manner that conveyances of land are required to be acknowledged."

Section 61 of the same act provides:

"*Survey of Lands to be Excluded.* The board * * * must cause the lands * * * to be surveyed * * * and, if found to be too high to receive any benefit, * * * must * * * exclude the lands."

Under these sections, it is very evident that the sole ground for the exclusion of land is the fact that the land is "too high to be watered by water owned or controlled

by the district." It also appears that this fact must be stated in the petition. The petition in this case did not state any such fact, and there was no evidence offered tending to show that the ground was "too high."

Different provisions of the 1911 act were amended and new sections were added by subsequent legislatures in 1915 (Stats. 1915, c. 278) and 1917 (Stats. 1917, c. 150), but sections 60 and 61 were not changed. In 1919 the legislature passed another act relating to the same subject matter as the act of 1911, and section 68 of the act of 1919 (Statutes 1919, p. 114) provides:

"Nothing in this act shall be construed so as to affect the validity of any district heretofore organized under the laws of this state, or its rights in or to property, or any of its rights or privileges of whatsoever kind or nature; but said districts are hereby made subject to the provisions of this act as far as applicable."

Section 69 of the same act (Statutes 1919, p. 114) provides:

"Nothing in this act shall be construed as repealing or in anywise modifying the provisions of any other act relating to the subject of irrigation or drainage except such as may be contained in the act entitled 'An act to provide for the organization and government of drainage, irrigation and water storage districts, to provide for the acquisition of water and other property, and for the distribution of the water thereby for irrigation purposes, and for other matters properly connected therewith,' approved March 20, 1911, and subsequent acts supplementary thereto or amendatory thereof, all of which acts, so far as they may be inconsistent herewith, are hereby repealed."

It thus appears that it was the intention of the legislature to repeal all of the provisions of the act of 1911 and amendments thereof, in so far as they are inconsistent with the provisions of the act of 1919. The act of 1911 is the one under which the irrigation district in this case was organized, and, as shown above, sections 60 and 61 of the 1911 act provided that lands may only be excluded when it was shown in the petition and also

determined by the board that the lands were "too high" for the water to be used on them.

Section 44 of the act of 1919 (Statutes 1919, pp. 103, 104) provides:

"The holder or holders of title, or evidence of title, as described in section 1 hereof, may file with the board of directors a petition, in writing, praying that the boundaries of said district be so changed as to exclude the lands described therein. The petition shall describe the boundaries of the several parcels owned by the petitioners and shall state the reasons for the exclusion prayed for. The board of directors shall cause the land described in such petition to be surveyed and reported upon by a competent irrigation engineer, and if the board shall then find said lands to be of such a character as to prevent their receiving benefits from the existing or proposed works, the board shall make an order changing the boundaries of said district so as to exclude the land described in said petition."

By a comparison of this section with sections 60 and 61 of the 1911 act, we find that in the 1911 act, the "petition must also state that the lands  *  *  *  are too high to be watered from water owned and controlled by said irrigation district," and in section 44, supra, the petition shall state the reasons for the exclusion prayed for, and if the lands be of such a character as to prevent them from receiving benefits from the existing or proposed irrigation system then they must be excluded: In the 1911 act they could only be excluded when they were "too high," and in the 1919 act they may be excluded for any reasons which show that the land will not receive benefits. There is nothing in section 44 of the 1919 act which requires the petition to show that the lands are "too high." It is clear that, if there are any reasons stated which show that the land cannot be benefited, they must be excluded, under the provisions of section 44. Sections 60 and 61 of the 1911 act are therefore in conflict with section 44 of the 1919 act.

Section 69 of the 1919 act (Statutes 1919, p. 114)

repeals all sections of the 1911 act and amendments thereof, in so far as they are inconsistent with the provisions of this act. Since sections 60 and 61 of the 1911 act are inconsistent with section 44 of the 1919 act, which deal with the same matters, it therefore follows that sections 60 and 61 of the 1911 act are repealed and that section 44 of the 1919 act takes their place.

The legislature amended section 44 of the 1919 act in 1921 (Statutes 1921, p. 133, sec. 19) by additional clauses to said section, but did not change it otherwise. In 1923 the legislature again amended the 1919 act in many respects, and amended section 44 (Statutes 1923, p. 296, sec. 15). However, it did not change the method of having lands excluded, but provided for certain notices to be given; that if any improvements had been commenced or bonds issued and benefits apportioned to the land, then said land could not be excluded; also provided that an aggrieved holder of lands may institute court action. None of these amendments contains anything about the land being "too high," neither do they provide that the petition must state that fact. All provide that "the petition must state the reasons for the exclusion prayed for," and, "if the board finds said lands to be of such a character as to prevent their receiving benefits from the existing or proposed works, the board must make an order * * * so as to exclude the lands." These amendments to section 44 of the 1919 act are, therefore, also, inconsistent with the provisions of sections 60 and 61 of the act of 1911.

2. The appellant contends that section 44, as amended in 1923 (Statutes 1923, p. 296) is only applicable to districts "now or hereafter formed under the provisions of this act [1919]," and that it therefore could not be invoked by the respondent, as the district was operating under the 1911 act. Also, that the district did not pass a resolution subjecting itself to the provisions of the 1923 act, in accordance with section 68, as amended (Statutes 1923, p. 303, sec. 20), which provides among other things:

"* * * Any district organized under prior laws of this state may adopt and subject itself to all the provisions of this act by a unanimous resolution of its board of directors, and the organization of such district is hereby confirmed."

We have pointed out above that section 69 of the 1919 act specifically repeals all inconsistent provisions of the 1911 act; also, that section 44, as amended, and which deals with the same subject matter as sections 60 and 61 of the 1911 act, is inconsistent with said sections 60 and 61, therefore section 44 of the 1919 act, as amended in 1923, takes the place of sections 60 and 61 of the act of 1911, by virtue of the repealing section 69 of the 1919 act. It was intended that the 1919 act would apply to districts organized under the 1911 act, in so far as the provisions of the 1919 act and the 1911 act were inconsistent, and it was not therefore necessary for the district to pass a unanimous resolution before it would be subjected to the provisions of the 1919 act, as amended in 1923. It therefore follows that the motions to strike and to dismiss the petition were properly overruled and denied.

3. The next question is, would the respondent's lands be benefited by any proposed system of storage works which it has under contemplation?

There is nothing in the record showing that the district had proposed any definite plan or project. The only thing that was being considered was some kind of storage system for additional water. It was not shown whether the district had any water of its own, or where said proposed storage works would be or how said water would be distributed. The respondent admits that, when the district was formed, it consented to have its lands included in the district, but that it now desires to have said lands excluded for several reasons, the main one being that the respondent now has and for many years past has had complete water rights and sufficient water for all of its purposes, and that the water users nominate and pay a water commissioner, who is appointed by the governor and who works under the directions of the

state engineer, to regulate the distribution of the water along the Carson Valley, and that, by reason thereof, the respondent's lands could not be benefited in any manner from any storage system of the district or the distribution of water by said district.

Section 44 of the 1919 act, as amended in 1923 (Statutes 1923, p. 297), provides, among other things, that lands may be excluded "when the proposed system or systems * * * cannot practically include such land or lands, or when such land or lands would not be benefited by the district, or by any improvement it might make."

Considerable evidence was offered on behalf of the respondent, tending to show that respondent had a complete water right, and that during a period of 50 years there were no crop failures due to lack of water, and that respondent had always had sufficient water for all of its purposes. Appellant admitted that the respondent had sufficient water for the land covered by the 1858 water right, but contended that it did not have sufficient for its lands covered by the 1876 water right. This conclusion was arrived at by a witness for the appellant, who collected data regarding the amount of water which was available during a certain period of time and from this data determined that at certain times there was a scarcity of water. However, there was no showing that respondent did not have sufficient water during that period. There was no showing how or where the district was to obtain any additional water, and, if it did, how respondent's lands would be benefited.

4. It is claimed by appellant that, as respondent participated in establishing the district and took part in the elections held by the district, it is now estopped from objecting to the boundaries established by the district, and that respondent's lands cannot now be excluded. The only restriction placed upon the board of directors of the district, when they find that land is subject to be excluded, is contained in section 44, supra, wherein it is provided:

"* * * That if improvements have been commenced or authorized or if there are bonds or other

contracts or certificates of indebtedness outstanding, no land upon which benefits have been apportioned shall be excluded, and no liens established shall be released. * * * "

There is no provision in the statute limiting or specifying the time within which the petition must be filed, asking for the exclusion of the land from the district, and there was no evidence showing any of the foregoing limitations existed. While the district was established in 1914, there is no showing that the question of benefits had ever been determined in any way.

5. There is substantial evidence to sustain the finding, both as to the sufficiency of the respondent's water rights for all purposes, and also that the proposed storage system of the district would not benefit the respondent's lands. The district court was the judge of the conflicting evidence, and, where there is a substantial conflict in the evidence, the finding of the trial court is conclusive upon the appellate court, in the absence of a showing that a wrong conclusion was reached. Moore v. De Bernardi, 47 Nev. 33, 213 P. 1041, 220 P. 544, and cases cited.

We, therefore, in the absence of anything to show that the court reached a wrong conclusion, decline to disturb the finding of the lower court that the proposed storage system of the district would not benefit the respondent's lands.

The judgment of the lower court should be affirmed.
It is so ordered.

NOTE—DUCKER, J., being disqualified, the Governor designated Hon. FRANK T. DUNN, District Judge, to sit in his stead.

[Pending on petition for rehearing.]